IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

WILLIS K. JONES                                                                                          PLAINTIFF

VERSUS                                                           CIVIL ACTION NO. 2:08cv212-KS-MTP

MISSISSIPPI DEPARTMENT OF CORRECTIONS, et al.                              DEFENDANTS

ORDER

Before the Court is plaintiff's letter and attached "Power of An Attorney" [18] giving Charles Torns, Jr., power of attorney "to sponsor or conduct all proceedings in this cause, except for any monetary awards." This Court finds that on September 24, 2008, the plaintiff, Willis K. Jones, filed *pro se* the above referenced civil action. There is no indication in the "Power of An Attorney" [18] that Charles Torns, Jr. is licensed to practice law in the State of Mississippi or is enrolled as a member of this Court's Bar.

As discussed below, notwithstanding the plaintiff giving Charles Torns, Jr. power of attorney [18] in the instant civil action, Torns is not permitted to practice before this court and the power of attorney does not provide him such authority.[1] An individual is permitted to prosecute one's own case. *See* 28 U.S.C. § 1654. However, a *pro se* litigant is "not entitled to have an unlicensed lay person represent them . . . in the district court." *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)(citations omitted). Therefore, the power of attorney [18] submitted by the plaintiff is found to be a nullity and will be disregarded by this Court. *See Umstead v. Chase Manhatten Mortgage Corp.*, 2005 WL 2233554 at *2 (W.D. Va. Sept. 13, 2005). Accordingly, it is hereby,

---

[1] Additionally, unless Charles Torns, Jr., demonstrates otherwise, he is prohibited from representing another person, including the plaintiff in this case, or to file any documents on another person's behalf in this court. Mr. Torns is warned that practicing law without a license is a crime in the State of Mississippi. *See* MISS. CODE ANN. §§ 73-3-55, 97-23-43.

ORDERED that the plaintiff's power of attorney [18] authorizing Charles Torns, Jr. to proceed with this civil action on the plaintiff's behalf is considered a nullity and will be disregarded by this Court.

IT IS FURTHER ORDERED that the plaintiff, if he wishes to continue this civil action, is required to proceed on his on behalf, *pro se*, from this date forward or he may obtain legal counsel who may practice law in the State of Mississippi.

THIS, the 27th day of April, 2009.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE