IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

WILLIS K. JONES, #59663                                          PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 2:08cv212KS-MTP

MISSISSIPPI DEPARTMENT OF CORRECTIONS;
CHRISTOPHER EPPS, Commissioner for MDOC;
AND OTHER JOHN, JANE DOES;
LIABILITY AND/OR INSURERS for each Defendant            DEFENDANTS

## OPINION and ORDER

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. The plaintiff, an inmate at the Central Mississippi Correctional Facility, Pearl, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are the Mississippi Department of Corrections (MDOC); Christopher Epps, Commissioner of MDOC; John and Jane Does - liability and/or insurers for each defendant. An order [27] was entered on August 17, 2009, directing the plaintiff to file a written response to specifically state how each named defendant violated his constitutional rights and provide the proper names of the John and John Doe defendants. After plaintiff was granted an extension of time, he filed on November 2, 2009, his response [30] to the court's order [27]. Having reviewed the record, this court comes to the following conclusion.

### Background

Plaintiff states in his complaint that on or about April 10, 2008, he was issued a Rule Violation Report (RVR) by defendants John and Jane Does. The RVR (#854724) charged the plaintiff with refusing the order of any staff member, specifically "getting off his rack during count without permission Rule Violate Report [RVR] #854742." <u>Compl</u>. [1] p. 4. According to the complaint, a disciplinary hearing was conducted on April 16, 2008, before Hearing Official

Debra Platt. The plaintiff states that he was present at the disciplinary hearing, that he pled not guilty and that he stated to Hearing Official Platt that "Officer Lee had informed the plaintiff that his signature had been and was forged on RVR #854724." Compl. [1] p. 4. Notwithstanding this information, Hearing Official Platt found the plaintiff guilty based on the staff report and punished plaintiff with the loss of 30 days of telephone privileges. Id. The plaintiff appealed, through the prison administrative remedies program, the finding of guilt by Hearing Official Platt and on June 18, 2008, his appeal was granted and the RVR #854724 was stricken from his prison record. Compl. [1] p. 5. However, the plaintiff had completed the punishment of being denied telephone privileges for 30 days prior to RVR #854724 being expunged. Id.

According to the complaint [1], the plaintiff claims that defendant Epps has failed to investigate and discover the officer who forged Officer Lee's signature on RVR #854724. The plaintiff further complains that defendant Epps has "fail[ed] to protect the plaintiff from harm without due process of law." Resp. [30] p. 2.

Finally, the plaintiff asserts that the MDOC has "violated the plaintiff's constitutional rights, when they failed to protect the plaintiff from the MDOC Prison Disciplinary, 'malicious and groundless prosecution.'" Resp. [30] p. 2.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status, 28 U.S.C. § 1915(e)(2) applies to the instant case. As discussed below, the plaintiff's § 1983 action is frivolous[1] and fails to state a claim upon which relief may be granted[2].

To invoke the protections of the Due Process Clause, the plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. Madison v. Parker, 104 F.3d 765, 767-68 (5th Cir. 1997). Therefore, when the quality of time served by the prisoner is affected rather than the quantity of time served, there was no violation of the plaintiff's due process rights . Id. at 767 (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); see also Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996)(finding that administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest); see also Bulger v. United States, 65 F.3d 48, 50 (5th Cir.1995)(holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits).

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).

[2] When the complaint does not plead enough facts to "state a claim to relief that is plausible on its face," it will be dismissed for failure to state a claim. Ashcroft v. Iqbal, ____ U.S. ____, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting Bell Atl. Corp. Twombly, 550 U.S. 544, 570 (2007).

In the instant civil action, the plaintiff states that he received a disciplinary hearing and was found guilty of RVR #854724 charging him with "refusing the order of any staff member, by the specific act of getting off his rack during count with permission." Compl. [1] p.4. As a result of being found guilty, the plaintiff's complains that his telephone privileges were revoked for 30 days. The loss of telephone privileges does not implicate the protection of the Due Process Class, even though RVR #854724 was eventually stricken from the plaintiff's prison record. See Theard v. Cain, 185 Fed. App'x 421, 422, 2006 WL 1735197, * 1 (5th Cir. 2006)(The plaintiff "cannot show a due process violation in connection with the disciplinary proceedings because his good-time credits have been restored and his confinement to administrative segregation does not constitute" a violation of his right of due process.); Petitt v. Doughty, 263 F.3d 163, 2001 WL 803687, @ *1 (5th Cir. 2001)(When the plaintiff's sentence has not been affected, then his "liberty interests are not implicated by the disciplinary proceeding."). Hence, this court finds that the loss of 30 days of telephone privileges was a change in the condition of his confinement which did not rise to a level of atypical and significant deprivation and therefore, it did not trigger the protection of the Due Process Clause. Consequently, the plaintiff claims that his due process rights were violated are frivolous and fail to state a claim upon which relief can be granted.

Finally, the plaintiff's claim that defendants MDOC and Epps have violated his constitutional rights when they "fail[ed] to protect the plaintiff from harm without due process of law" is without merit. The plaintiff is not entitled to relief based on the defendants' alleged

failure to follow department policy and procedure.[3] The law is clear "that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir.1996); Giovanni v. Lynn, 48 F.3d 908, 912 (5th Cir.1995); Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994). Additionally, there is no constitutional right for a prisoner to have his grievances investigated because the "resolution of the grievance does not involve a 'significant hardship ... in relation to the ordinary incidents of prison life.'" See Beall v. Johnson, 54 Fed. App'x 796, 2002 WL 31845615, *1 (5th Cir. 2002). Moreover, as discussed above, the loss of telephone privileges for 30 days, even though the RVR was eventually stricken from the plaintiff's prison record, does not trigger due process protection of the Constitution. See Sandin v. Conner, 515 U.S. 472 486 (1995); Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000).

## Conclusion

As stated above, the plaintiff's complaints regarding the loss of his telephone privileges for a RVR which was eventually expunged are frivolous and fail to state a claim upon which relief may be granted. As such, this case will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## Three-strikes provision

Since this case is dismissed pursuant to the above mentioned provisions of the Prison Litigation Reform Act, Section 1915(e)(2)(B)(i) and (ii), it will be counted as a "strike".[4] If the

---

[3] An inmate's allegation of factual innocence is not actionable under §1983 if his disciplinary proceeding was otherwise fair and adequate. Collins v. King, 743 F.2d 248, 254 (5th Cir.1984).

[4] 28 U.S.C. § 1915(g) states:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action

plaintiff receives "three strikes" he will be denied in forma pauperis status unless he can meet the exception and will be required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this Opinion and Order will be entered.

THIS the 18th day of February, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.